TM:MPR/HDM
F.#2014R01935

FILED
CLERK

2015 AUG 10 PM 4:43

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

BRIAN ADAMS,
    also known as "Bryan Adams,"

                Defendant.

- - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 14-650 (S-2) (JBW)
(T. 18, U.S.C., §§ 371, 981(a)(1)(C),
 1591(a)(1), 1591(a)(2), 1591(b)(1),
 1591(b)(2), 1594(a), 1594(c), 1594(d),
 1952(a)(3)(A), 2422(b), 2428, 2
 and 3551 et seq.; T. 21, U.S.C.,
 § 853(p); T. 28 U.S.C. § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Sex Trafficking Conspiracy)

1.    In or about and between January 2005 and June 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide and obtain by any means one or more persons, in and affecting interstate commerce, and to benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing that (1) force, fraud and coercion would be used to cause such persons to engage in one or more commercial sex acts, and (2) one or more such persons had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, contrary to Title 18, United States Code, Sections 1591(a)(1) (2005) and 1591(a)(2) (2005).

2.      In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, together with others, did commit and cause to be committed, among others, the following:

### OVERT ACTS

a.      In or about and between January 2005 and December 2006, both dates being approximate and inclusive, ADAMS used one or more telephones to communicate with Jane Doe #1, an individual whose identity is known to the Grand Jury.

b.      In or about and between January 2005 and December 2006, both dates being approximate and inclusive, ADAMS used one or more telephones to communicate with Coconspirator #1, an individual whose identity is known to the Grand Jury.

c.      In or about and between January 2005 and December 2006, both dates being approximate and inclusive, ADAMS arranged for Jane Doe #1 to engage in a commercial sex act with Coconspirator #1.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### COUNT TWO
(Sex Trafficking of a Child – Jane Doe #1)

3.      In or about and between January 2005 and June 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, an individual who had not yet attained the age of 18 years, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing that (1) force, fraud and

coercion would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, and (2) Jane Doe #1 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, which offense was effected by force, fraud and coercion,

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 2 and 3551 et seq.)

## COUNT THREE
(Sex Trafficking – Jane Doe #1)

4. In or about and between June 2008 and November 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe #1, in and affecting interstate commerce, and did benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud and coercion, would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, which offense was effected by means of force, threats of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT FOUR
(Prostitution of a Child – Jane Doe #1)

5. In or about and between January 2005 and June 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, using the mail and any facility and means of interstate commerce, did knowingly and intentionally

3

persuade, induce, entice and coerce an individual, to wit: Jane Doe #1, an individual who had not yet attained the age of 18 years, to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense.

(Title 18, United States Code, Sections 2422(b), 2 and 3551 et seq.)

## COUNT FIVE
(Sex Trafficking Conspiracy)

6. In or about and between September 2010 and January 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide, obtain and maintain by any means one or more persons, in and affecting interstate commerce, and to benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing, and in reckless disregard of the fact, that such persons had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, contrary to Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c) and 3551 et seq.)

## COUNT SIX
(Sex Trafficking of a Child – Jane Doe #2)

7. In or about and between September 2010 and September 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury and who had not yet obtained the age of 18 years, in and affecting interstate commerce,

and did benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing, and in reckless disregard of the fact, that Jane Doe #2 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(2), 2 and 3551 et seq.)

## COUNT SEVEN
(Prostitution of a Child – Jane Doe #2)

8. In or about and between September 2010 and September 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, using the mail and any facility and means of interstate commerce, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #2, an individual who had not yet attained the age of 18 years, to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense.

(Title 18, United States Code, Sections 2422(b), 2 and 3551 et seq.)

## COUNT EIGHT
(Sex Trafficking of a Child – Jane Doe #3)

9. In or about and between January 2012 and September 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe #3, an individual whose identity is known to the Grand Jury and who had not yet obtained the age of 18 years, in and affecting interstate commerce,

and did benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing, and in reckless disregard of the fact, that Jane Doe #3 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(2), 2 and 3551 et seq.)

## COUNT NINE
(Prostitution of a Child – Jane Doe #3)

10. In or about and between January 2012 and September 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, using the mail and any facility and means of interstate commerce, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #3, an individual who had not yet attained the age of 18 years, to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense.

(Title 18, United States Code, Sections 2422(b), 2 and 3551 et seq.)

## COUNT TEN
(Attempted Sex Trafficking of a Child – Jane Doe #4)

11. On or about and between January 12, 2014 and January 20, 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, did knowingly and intentionally attempt to recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe #4, an individual whose identity is known to the Grand Jury and who had not yet attained the age of 14 years, in and affecting interstate

6

commerce, and to benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing, and in reckless disregard of the fact, that Jane Doe #4 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, contrary to Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(a), 1591(b)(1), 2 and 3551 et seq.)

## COUNT ELEVEN
(Attempted Prostitution of a Child – Jane Doe #4)

12.     On or about and between January 12, 2014 and January 20, 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, using the mail and any facility and means of interstate and foreign commerce, did knowingly and intentionally attempt to persuade, induce, entice and coerce an individual, to wit: Jane Doe #4, an individual who had not yet attained the age of 18 years, to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense.

(Title 18, United States Code, Sections 2422(b), 2 and 3551 et seq.)

## COUNT TWELVE
(Attempted Sex Trafficking of a Child – Jane Doe #5)

13.     On or about and between January 12, 2014 and January 20, 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, did knowingly and intentionally attempt to recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe #5, an individual whose identity is known to the Grand Jury and who had not yet attained the age of 14 years, in and affecting interstate

commerce, and to benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing, and in reckless disregard of the fact, that Jane Doe #5 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, contrary to Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(a), 1591(b)(1), 2 and 3551 et seq.)

COUNT THIRTEEN
(Attempted Prostitution of a Child – Jane Doe #5)

14. On or about and between January 12, 2014 and January 20, 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, using the mail and any facility and means of interstate and foreign commerce, did knowingly and intentionally attempt to persuade, induce, entice and coerce an individual, to wit: Jane Doe #5, an individual who had not yet attained the age of 18 years, to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense.

(Title 18, United States Code, Sections 2422(b), 2 and 3551 et seq.)

COUNT FOURTEEN
(Attempted Sex Trafficking of a Child – Jane Doe #6)

15. On or about and between January 12, 2014 and January 20, 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, did knowingly and intentionally attempt to recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe #6, an individual whose identity is known to the Grand Jury and who had not yet attained the age of 18 years, in and affecting interstate

commerce, and to benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing, and in reckless disregard of the fact, that Jane Doe #6 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, contrary to Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(a), 1591(b)(2), 2 and 3551 et seq.)

## COUNT FIFTEEN
(Attempted Prostitution of a Child – Jane Doe #6)

16. On or about and between January 12, 2014 and January 20, 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, using the mail and any facility and means of interstate and foreign commerce, did knowingly and intentionally attempt to persuade, induce, entice and coerce an individual, to wit: Jane Doe #6, an individual who had not yet attained the age of 18 years, to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense.

(Title 18, United States Code, Sections 2422(b), 2 and 3551 et seq.)

## COUNT SIXTEEN
(Conspiracy to Promote Prostitution)

17. In or about and between September 2010 and November 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, did knowingly and intentionally conspire to use one or more facilities in interstate commerce, to wit: one or more cellular telephones and the internet, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on,

of unlawful activity, to wit: a business enterprise involving prostitution in violation of the laws of the State of New York, and to thereafter perform and attempt to perform the promotion, management, establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity, contrary to Title 18, United States Code, Section 1952(a)(3)(A).

18.  In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, together with others, did commit and cause to be committed, among others, the following:

### OVERT ACTS

a.  In or about and between September 2010 and November 2014, both dates being approximate and inclusive, ADAMS used the internet and one or more telephones.

b.  In or about and between January 2012 and September 2012, both dates being approximate and inclusive, ADAMS accessed and operated one or more websites.

c.  In or about and between January 2012 and September 2012, both dates being approximate and inclusive, ADAMS posted photographs to one or more websites.

d.  In or about and between January 2012 and September 2012, both dates being approximate and inclusive, ADAMS listed the telephone number of Jane Doe #1 on one or more websites.

e.  In or about and between January 2012 and September 2012, both dates being approximate and inclusive, Jane Doe #1 received one or more telephone calls.

    f. On or about and between January 12, 2014 and January 13, 2014, both dates being approximate and inclusive, ADAMS communicated via Facebook with Coconspirator #2, an individual whose identity is known to the Grand Jury.

    g. On or about January 12, 2014, Jane Doe #1 communicated via Facebook with Coconspirator #2.

    h. On or about and between January 12, 2014 and January 17, 2014, both dates being approximate and inclusive, Coconspirator #2 communicated via Facebook with Jane Doe #4.

    i. On or about and between January 12, 2014 and January 13, 2014, both dates being approximate and inclusive, Coconspirator #2 communicated via Facebook with Jane Doe #5.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT SEVENTEEN
(Promotion of Prostitution)

  19. In or about and between September 2010 and November 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ADAMS, also known as "Bryan Adams," together with others, did knowingly and intentionally use one or more facilities in interstate commerce, to wit: one or more cellular telephones and the internet, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on, of unlawful activity, to wit: a business enterprise involving prostitution, in violation of the laws of the State of New York, and thereafter performed and attempted to perform the promotion, management,

establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE, TWO, THREE, FIVE, SIX, EIGHT, TEN, TWELVE AND FOURTEEN

20. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One, Two, Three, Five, Six, Eight, Ten, Twelve and Fourteen, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses, and any property, real or personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of such violations.

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS FOUR, SEVEN, NINE, ELEVEN, THIRTEEN AND FIFTEEN

22. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Four, Seven, Nine, Eleven, Thirteen and Fifteen, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428, which requires the forfeiture of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses and any property, real or personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of such offenses.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

13

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428; Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION<br>AS TO COUNTS SIXTEEN AND SEVENTEEN

24. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts Sixteen and Seventeen, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offenses.

25. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c)).

A TRUE BILL

_____
FOREPERSON

_____
KELLY T. CURRIE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

15

F. #2014R01935
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*BRIAN ADAMS*,
also known as "Bryan Adams,"

Defendant.

# SUPERSEDING INDICTMENT

( T. 18, U.S.C., §§ 371, 981(a)(1)(C), 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 1594(a), 1594(c), 1594(d), 1952(a)(3)(A), 2422(b), 2428, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28 U.S.C. § 2461(c)))

*A true bill.*

_____ [signature] _____
                                                    *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                      *Clerk*

Bail, $ _____

*Michael P. Robotti, Assistant U.S. Attorney (718) 254-7576*