SLR:TYH
F. #2014R01935

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA

- against –

BRIAN ADAMS,
   Also known as "Bryan Adams,"

        Defendant.

------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 16 2016 ★
BROOKLYN OFFICE

PRELIMINARY ORDER
OF FORFEITURE

14 CR 650 (S-2) (JBW)

       WHEREAS, on or about February 26, 2016, BRIAN ADAMS (the "defendant"), entered a plea of guilty to the offenses charged in Counts One, Five, Eight and Seventeen of the above-captioned Superseding Indictment, charging violations of 18 U.S.C. §§ 371, 1594(c), 1591(a), and 1952(a)(3)(A) respectively; and

       WHEREAS, pursuant to 18 U.S.C. § 1594(d), the defendant has consented to the forfeiture of all right, title, and interest to the United States in one Samsung external hard drive, S2 Portable 3 1 TB, P/N: HX-MTD10EA/GM, E2G6J10B801203; one black Motorola Droid phone model A855, MEID: A00000222E234, SJUG5546AA; one Samsung tablet with brown case, Model: GT-P5113TS, S/N:R32C404Q99E; one black HTC Sensation 4G Phone, Model PG58100, HT23PT500370; and one black Kyocera Phone, Model S1360, DEC:268 435 462 505 096 350, seized from the defendant's residence on or about November 22, 2014, (the "Seized Property"): as (1) property, real or personal, that was involved in, used or intended to be used to commit or to facilitate the commission of a violation of 18 U.S.C.



§ 1591, and (2) any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violations; and/or pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property, real or personal, constituting or derived from proceeds traceable to his violations of 18 U.S.C. §§ 1591 and 1952(a); and/or as substitute assets, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.   Pursuant to 18 U.S.C. § 1594(d), 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p) the defendant shall forfeit to the United States all right, title, and interest in the Seized Property.

2.   Upon entry of this Order, the United States Attorney General or her designee is authorized to seize the Seized Property, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third party rights, including giving notice of this Order.

3.   The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, and of its intent to dispose of the Seized Property in such a manner as the Attorney General or her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Property as a substitute for published notice as to those persons so notified.

4.  Any person, other than the defendant, asserting a legal interest in the Seized Assets may, within thirty days (30) of the final publication of notice or receipt of notice or no later than sixty days (60) after the first day of publication on an official government website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Seized Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5.  The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Seized Assets in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Seized Assets to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Seized Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Seized Assets to the United States. If the Seized Assets or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Seized Assets, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the property and/or money forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of same, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the United States Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, monies and properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8. The United States alone shall hold title to the Seized Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. The forfeiture of the Seized Assets shall not be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

11. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12. This Preliminary Order shall be binding only upon the Court "so ordering" the Order.

13. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk of the Court is directed to send, by inter-office mail, [no. of copies](#) certified copies of this executed Preliminary Order to United States Attorney's Office, Eastern District of New York, ATTN: Yvette Ramos, FSA Paralegal, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
     June  11 , 2016

_____
HONORABLE JACK B. WEINSTEIN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK