17-2641-cr
*United States v. Adams*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand eighteen.

Present:
    DEBRA ANN LIVINGSTON,
    DENNY CHIN,
      *Circuit Judges*,
    KATHERINE POLK FAILLA,
      *District Judge.*\*

UNITED STATES OF AMERICA,

    *Appellee*,

  v.                  17-2641-cr

BRIAN ADAMS, also known as Bryan Adams,

    *Defendant-Appellant*.

For Defendant-Appellant:  Norman Trabulus, New York, NY.

For Appellee:  Amy Busa, Michael P. Robotti, and Hiral D. Mehta, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

---

\* Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

1

Appeal from an August 14, 2017 judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Brian Adams ("Adams") appeals from a judgment of the United States District Court for the Eastern District of New York, following his guilty plea to four counts of a seventeen-count superseding indictment charging him with, *inter alia*, sex trafficking of children. The district court sentenced Adams principally to a total of 15 years in prison followed by a total of 10 years of supervised release. The district court also imposed several conditions on Adams's supervised release; Adams challenges two of those conditions on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We first address Adams's challenge to the district court's condition of supervised release that he may not "view[], own[], and possess[] any obscene, pornographic or sexual[ly] stimulating, visual or auditory material." App'x at 86. Because Adams did not object to this condition below, we review his claim for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008).[1] "A finding of 'plain error' requires that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court

---

[1] We decline Adams's invitation to apply a "relaxed" plain error standard of review. We have previously applied such a "relaxed" standard in cases where a defendant lacked "a sufficient opportunity to raise a contemporaneous objection" to a condition of supervised release. *United States v. Matta*, 777 F.3d 116, 121–22 (2d Cir. 2015). Here, however, Adams had ample opportunity to object to this condition during his two-day sentencing hearing. In fact, during the hearing, Adams voiced opposition to a *different* condition of supervised release, and upon being asked the following day after imposition of the conditions whether Adams wanted to "add anything," Adams did not use the opportunity to object to the condition that he is now challenging. *See* App'x at 126–28. We therefore see no reason to "relax" our plain error review here.

proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (per curiam) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)). Adams suggests that the district court's imposition of this condition was reversible error for two reasons; we reject both.

First, Adams argues that the district court failed to provide an adequate explanation for why this condition is reasonably related to the statutory sentencing factors and is consistent with the relevant Sentencing Commission policy statements. Even assuming *arguendo* that Adams is correct that the district court failed to provide an adequate explanation, however, any such alleged error is harmless. The explanation for such a condition "is self-evident in the record"—*i.e.*, the condition was a part of Adams's mental health treatment plan that he himself had requested, and Adams acted in a sexually deviant manner towards both minors and adults—and "the condition[] meet[s] the purposes of supervised release" by furthering the goal of rehabilitation. *See United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004). We therefore decline to vacate Adams's condition of supervised release on this basis. *See id.*; *see also United States v. Simmons*, 343 F.3d 72, 82–83 (2d Cir. 2003) (upholding a district court's decision to impose a condition of supervised release that prohibited "pornography generally, not only . . . child pornography").

Second, Adams insists that the phrase "sexual[ly] stimulating . . . material" is so vague that the condition violates his due process rights. Even assuming *arguendo* that Adams has indeed identified error, however, we do not believe that the error is "plain"—that is, "clear or obvious, rather than subject to reasonable dispute." *See Alvarado*, 720 F.3d at 157 (quoting *Marcus*, 560 U.S. at 262). Adams points to no binding precedent from this Court holding that this phrase is unconstitutionally vague, and "an error cannot be deemed 'plain,' in the absence of binding precedent, where"—as here—"there is a genuine dispute among the other circuits" concerning the

3

issue. *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004); *see, e.g.*, *United States v. Miller*, 665 F.3d 114, 136–37 (5th Cir. 2011) (explaining that the phrase "sexually stimulating [material]" in a supervised release condition is not impermissibly vague and must be read in a "commonsense" way); *United States v. Bee*, 162 F.3d 1232, 1235 (9th Cir. 1998) ("The district court did not abuse its discretion in prohibiting Bee from possessing sexually stimulating material as a condition of supervised release."). Accordingly, Adams has not demonstrated that the district court *plainly* erred in imposing this condition of supervised release. *See Alvarado*, 720 F.3d at 157.

Second, Adams challenges his mental health treatment condition, arguing that the district court left it ambiguous as to whether his treatment would be mandatory or at the probation department's discretion. Although Adams is correct that a sentencing judge may not delegate to a probation officer the authority to determine whether an individual must participate in a mental health treatment program, *see United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001) (per curiam), it is clear that the district court did not delegate such authority in this case. Adams specifically requested mental health treatment in his sentencing submission, and the district court insisted during the sentencing hearing that Adams "[o]bviously . . . had the order to take psychiatric treatment." App'x at 83. Thus, read in context, the sentencing judge's allegedly ambiguous statement to the probation officer concerning Adams's treatment—"[i]f you order it, he's to give it," *id.* at 86—clearly referred to whether Adams must participate in polygraph testing, not to whether he must participate in treatment at all. *See also* App'x at 150 (noting that Adams's mental health treatment program "may include polygraph testing *if deemed appropriate by his treating medical professionals*" (emphasis added)). Furthermore, to whatever extent the written judgment is ambiguous as to whether Adams's treatment is mandatory, the district court's oral pronouncement is not—and it is the oral pronouncement that controls. *See United States v.*

*Jesurum*, 819 F.3d 667, 673 (2d Cir. 2016). Thus, because the district court "intend[ed] that the therapy be mandatory" and simply delegated the matter of polygraph testing to the probation officer's discretion, Adams's challenge to his supervised release condition fails. *See Peterson*, 248 F.3d at 85.

\* \* \*

We have considered Adams's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5